IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## JIMMY RAY ROBINSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C-01-115     Lee Moore, Judge**

_____

**No. W2002-02151-CCA-R3-PC  - Filed October 15, 2003**

_____

The petitioner appeals from the post-conviction court's denial of relief.  He contends he received ineffective assistance of counsel.  After careful review, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Dean P. Dedmon, Dyersburg, Tennessee, for the appellant, Jimmy Ray Robinson.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Jimmy Ray Robinson, was indicted on two counts for possession of a Schedule II controlled substance with intent to sell or deliver in an amount over .5 grams and possession of a Schedule VI controlled substance with intent to sell or deliver in an amount over one-half ounce.  The petitioner pled guilty in May of 2001, to the first count in exchange for a sentence of ten years as a Range I offender and dismissal of Count two.  The petitioner filed for post-conviction relief in May of 2002, alleging ineffective assistance of counsel.  The trial court denied the petitioner relief and the petitioner timely appeals from the denial.

### Facts

At the post-conviction hearing, the petitioner testified that he was an addict, that the controlled substances in his possession were for his own use, and that he was not a drug dealer.  He said his attorneys visited him on two occasions; once by the district public defender and later by an assistant public defender.  The petitioner complained that these conversations only involved terms

of a plea bargain offer made by the State. He stated that the public defender informed him that if the case was tried, the petitioner would receive a sentence of fifteen to thirty years. The petitioner claimed he was coerced by this prospect into entering a guilty plea. His primary complaint was that no defense was developed to show that the drugs he possessed were for his own personal use.

On cross-examination, he stated that his wife had given him approximately $1000, their joint income tax refund. He spent approximately $800 to buy the drugs and had $324 on his person when arrested. He had bought 4.6 grams of rock cocaine, 1.5 grams of powder cocaine, and ten bags of marijuana. The total weight of the marijuana was in excess of one-half pound. A search at his house produced three more ounces of marijuana, sandwich bags with corners torn off, and gallon-size bags with marijuana residue.

The only other witness for the petitioner was Ettia Mae Swift, with whom he had lived from 1982 to 1992. Ms. Swift testified that the petitioner was an addict, but she had not known him to sell drugs. The petitioner had stolen items from her to obtain money to purchase drugs.

The petitioner's former counsel, the district public defender, testified next and recounted the discussion he had with the petitioner. He recalled that the circumstances of the stop were discussed. The petitioner was arrested on a parole violation and was driving a large, late-model SUV vehicle. The petitioner indicated a desire to participate in a drug rehabilitation program. The public defender had some prior knowledge of the petitioner's past convictions for sale of marijuana in 1989 and sale of cocaine in 1995. The public defender outlined the range of punishment which the petitioner could receive. The ranges applicable were explained as eight to twelve years as a Range I offender and twelve to twenty years as Range II. In response to the petitioner's request for drug rehabilitation, his counsel explained that parole violators were not eligible and it would be the province of the Department of Correction as opposed to the trial court. Counsel specifically denied ever suggesting a possible fifteen to thirty-year sentence would result from conviction at trial. Counsel did allow that he may have informed the petitioner that a possible twelve to twenty-year sentence would be consecutive to whatever amount remained on his ten-year sentence from which he was paroled.

The assistant public defender testified concerning his conversation with the petitioner. This counsel stated that he had twelve years experience as an assistant district attorney, had committed the ranges of punishment to memory, and would not have stated a non-existent fifteen to thirty-year range. He believed that the petitioner may have confused the consecutive time of the parole and new sentence as thirty years. He felt that a defense of possession for personal use would have been futile. He based this on the petitioner's past convictions, the vehicle he was driving, the sheer amount of drugs involved, the money in the petitioner's possession, and the absence of paraphernalia. Nevertheless, counsel informed the petitioner of his right to go to trial and face the potential of a twenty-year sentence consecutive to his parole sentence. After these discussions, the petitioner signed the guilty plea forms which were ultimately submitted to the trial court for entry.

**Analysis**

The petitioner alleges that his counsel was ineffective for failure to investigate the facts and develop a defense that the drugs he possessed were for his own personal use. As a consequence, the petitioner alleges that he was coerced into pleading guilty by the public defender and assistant. The petitioner based his coercion charge on what he claimed was advice that he was potentially facing a fifteen to thirty-year sentence due to enhancement.

Having alleged ineffective assistance of counsel, the petitioner bears the burden in the post-conviction court of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence in the record preponderates against them. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). A petitioner must establish both prongs; therefore, failure to prove either deficiency will be a sufficient basis to deny relief. Id.

The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Since the petitioner pled guilty, he must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The post-conviction judge, after a summary of the pertinent facts elicited by the testimony at the post-conviction hearing, made his findings:

> [T]he Court finds and the conclusion of the Court is that Mr. Robinson has failed to carry his burden of proof that the performance of his attorneys was deficient, or that the performance resulted in any prejudice to him so as to deprive him of a fair trial in this particular case. Consequently, the Court does not find a reasonable probability that, but for any errors made, he would not have pleaded guilty and would have insisted in going to trial. The Court does not find that there was a deficient performance. To the contrary, the Court, from the proof -- it sounds like Mr. Robinson was given good and accurate advice as to the issues that were involved in this case, and that he was advised properly as to the issues with which he was dealing. Consequently, the Court feels that the petition should be denied.

The petitioner alleges that his trial counsel failed to investigate the facts surrounding his offense and to fully explore the defenses available. Both the public defender and his assistant testified at the post-conviction hearing in rebuttal of these charges. From the findings, it is clear that the post-conviction judge accredited the testimony of the public defender and his assistant. The evidence does not preponderate against the finding.

The record reflects that the petitioner was thoroughly questioned during the entry of his guilty plea and answered in a fashion that left no questions as to his knowing and voluntary act. His sole reservation concerning the efforts of his counsel was the frustration of his desire to participate in rehabilitation therapy.

The answers given by the petitioner in the entry of his guilty plea are incompatible with his post-conviction claim. The petitioner voluntarily pled guilty and denied any coercion. He acknowledged that he understood the terms of the plea bargain and desired to plead guilty. The petitioner also expressed his satisfaction with trial counsel, with the reservation of his desire to obtain rehabilitative services. We note that this aspect was beyond the power of the petitioner's counsel and the trial court to offer or enforce.

## Conclusion

We conclude that the petitioner received competent advice and service by his counsel. Further, the petitioner was not coerced into pleading guilty but, to the contrary, acquiesced to prudent advice. We affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE